In the Matter of the Estate of EDGAR H. DAVIS, Deceased.

Surrogate's Court, Columbia County, May, 1932.

*Hawver & Hawver,* for the petitioning creditor, The Farmers National Bank of Hudson.

*Thomas Cookingham,* for the respresentative of the estate, Marguerite Davis, executrix.

CHACE, S. This proceeding was commenced by The Farmers National Bank of Hudson as a creditor to compel the executrix to render her accounts as such representative. Upon the return of the citation the representative did not appear and an order was made by this court directing the executrix to file her account within fifteen days from the date of said order. On the return date it was stipulated that the executrix would not file her account until the claim of the petitioning creditor was judicially determined.

The decedent was the indorser upon a promissory note made by one William Heintzelman payable to the decedent. The note is dated July 12, 1928, and was given to secure the payment of the sum of $440 and interest thereon. It was discounted at The Farmers National Bank of Hudson. No issue has been raised as to the validity of the note, its non-payment, the present ownership by the claimant or that the claimant had not obtained the note in due course. The estate also admits that the maker of said note after the making of the same was adjudged a bankrupt. The only issue involved in this matter is that the representative of the estate claims that the note was not legally protested.

It also appears that the decedent died shortly after the making and discounting of the said note. The note became due and payable on the 12th day of September, 1928.

It also appears that Marguerite Davis, the daughter of the deceased, and who resided at the home of the deceased, was appointed sole executrix of the estate of her deceased father on the 27th day of July, 1928, and that letters testamentary were issued to her on that day.

The holder of the note duly presented the note at the date of its maturity for payment, which was refused; whereupon the notary, knowing the death of the indorser, addressed the notice to E. H. Davis Estate, North Sixth street, Hudson, N. Y. The notary testified that he knew the indorser in his lifetime and was aware of his death, but did not know of the appointment of any representative. No notice to present claims against the estate was ever published in order to give the holder legal notice of the appointment of the executrix.

Upon the trial the representative was sworn and did not deny that she had received the notice.

As there was no proof contradicting the evidence of the notary as to the mailing and no denial by the representative, it must be assumed that the notice of protest was duly received by her. (Neg. Inst. Law, § 176.)

The sole object of the requirement of notice of protest or dishonor is to put the indorser in possession of the material facts upon which his own liability is founded so that the representative may be enabled to take the necessary measures for his own security against those liable over to him. If the executrix received such notice of protest she was in possession of those facts. The object of requiring the giving of the notice was attained if the notice actually reached the representative.

The claim of the petitioner, The Farmers National Bank of Hudson, is allowed, with costs and disbursements, and the executrix is directed to file her account.